UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, CDCR #P-54352,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MICHAEL SANTOS,<br><br>Defendant. | Case No.: 25-CV-284 JLS (DDL)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff David D. Harris, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding *pro se*, has filed a civil rights Complaint ("Compl.," ECF No. 1), pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2).

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP.

*See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. ECF No. 3. The document shows he had an average monthly balance of $121.28 and average monthly deposits of $110.00, with an available balance of $0.07. *Id.* at 1. The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to assess the $24.25 initial partial filing fee because it appears Plaintiff has insufficient funds to pay it. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**I.      Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte*

dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II. Allegations in the Complaint

The only allegations in the Complaint are that Defendant Dr. Michael Santos, an RJD medical doctor, "acted under the color of state law when he willfully and unlawfully discontinued the Plaintiff['s] chronic pain medication knowing that the Plaintiff would be left in pain." Compl. at 2. Plaintiff claims the refusal to reinstate his chronic pain medication amounts to cruel and unusual punishment. *Id*. at 6.

## III. Discussion

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment creates an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind'. . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Deliberate indifference can also be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference." (quoting *Estelle*, 429 U.S. at 106)).

The Complaint fails to plausibly allege an Eighth Amendment violation because the

allegations are nearly entirely conclusory and contain no details regarding why or when Plaintiff's chronic pain medication was discontinued. As drafted, the Complaint at most merely alleges a disagreement between Plaintiff and his treating physician over whether his chronic pain medication should have been discontinued or should be reinstated. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."); *Toguchi*, 391 F.3d at 1058 (holding that a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [plaintiff]'s serious medical needs."); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) ("[A] difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim under [§ 1983].").

Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## IV. Leave to Amend

In light of his *pro se* status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

## CONCLUSION

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350.00 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the

preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2);

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint that cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a

///
///
///
///
///
///

25-CV-284 JLS (DDL)

district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 24, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge