UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, CDCR #P-54352,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. MICHAEL SANTOS,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 25-CV-284 JLS (DDL)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 8) |

Presently before the Court is Plaintiff David D. Harris's Motion for Preliminary Injunction or Temporary Restraining Order ("Mot.," ECF No. 8). Having carefully considered Plaintiff's filings and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is identical to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as a matter of right." *Id.* at 22, 24. "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three [*Winter* elements]." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (internal quotation marks omitted).

When a plaintiff has not provided notice of his application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a TRO. Namely:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of

cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

Plaintiff has not complied with the stringent notice requirements of Federal Rule of Civil Procedure 65(b)(1) for issuance of an ex parte TRO. Although Plaintiff's Complaint did indeed survive screening, *see* ECF No. 6, the summons that issued that same day still has not been served on Defendant, *see generally* Docket. Nor has Plaintiff certified in writing why emergency relief is warranted at this time before written or oral notice can be afforded to Defendant. Further, a preliminary injunction is likewise not warranted because a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Accordingly, the Court **DENIES** Plaintiff's Motion (ECF No. 8) **WITHOUT PREJUDICE** to Plaintiff re-moving for injunctive relief at the appropriate time.

**IT IS SO ORDERED.**

Dated: May 9, 2025

Hon. Janis L. Sammartino
United States District Judge