UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>                Plaintiff,<br><br>v.<br><br>DR. MICHAEL SANTOS,<br><br>                Defendant. | Case No.: 25-cv-284-JLS-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>**[Dkt. No. 28]** |

On November 28, 2025, Plaintiff filed a Motion for Appointment of Counsel and Request for Production of Documents. Dkt. No. 28.

### I.    APPOINTMENT OF COUNSEL

Plaintiff argues that counsel should be appointed because his TABE[1] score is a 6.6 and he suffers from auditory hallucinations and suicidal ideations. *Id.* at 2. Plaintiff further argues that he is in and out of mental hospitals throughout the state of California and often mentally incapacitated. *Id.* Plaintiff notes that he is currently taking medication that causes him to sleep for days at a time. *Id.* Plaintiff argues that he will be prejudiced without the appointment of counsel. *Id.*

---

[1] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." *Martinez v. Lawhorn*, No. 1:21-CV-01602-JLT-CDB(PC), 2023 WL 3738055, at *1 fn1. (E.D. Cal., May 31, 2023).

A. <u>Legal Standards</u>

   1. Appointment of Counsel

There is no absolute right to counsel in civil proceedings. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).[2] "That a pro se litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine whether . . . there is a likelihood of success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). Neither factor is "dispositive" but "must be considered cumulatively." *Id.*

   2. Competency

In *Allen v. Calderon*, 408 F.3d 1150, 1153-54 (9th Cir. 2005)[3], the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen*, 408 F.3d at 1153. If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. *Id*. In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn

---

[2] All citations and internal quotation marks are omitted, and emphasis and alterations added, unless otherwise noted.

[3] While *Allen* was written in the context of a habeas case, it has been applied in cases under section 1983. *See Vernon v. Larios,* No.23-cv-787-JO-MSB, 2023 WL 4412167 (S.D. Cal. July 7, 2023); *see also Dawes v. Ausbury, et al.*, No. 19-cv-2122-MMA-VET, 2024 WL 5079888 (S.D. Cal. Oct. 22, 2024).

declarations by the Petitioner/Plaintiff or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant medical records. *Allen*, 408 F.3d at 1151-53.

B. <u>Discussion</u>

1. Likelihood of Success

The Court first considers whether Plaintiff is likely to succeed on the merits of his claim. Given the early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial. *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim"). The Court therefore finds that this factor weighs against the appointment of counsel.

2. Plaintiff's Ability to Pursue His Claims

"When determining whether 'exceptional circumstances' exist, a court *must consider* . . . the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970. The Court has reviewed all of the documents filed by Plaintiff in this case including the instant motion, the complaint (Dkt. No. 1), a motion to proceed *in forma pauperis* and prisoner trust fund account (Dkt. Nos. 2-3), an amended complaint (Dkt. No. 5), a motion for preliminary injunction (Dkt. No. 8), five Notices of Change of Address (Dkt. Nos. 17-18, 21, 22, 27), a request for extension of time (Dkt. No. 19), and a motion to produce documents (Dkt. No. 22). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case without legal assistance. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment

of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

It is unclear if Plaintiff is requesting the appointment of counsel on the ground that he is incompetent due to a mental illness or disability. Plaintiff has not submitted the required "substantial evidence" of incompetence to warrant a competency hearing. See *Galvan v. Montgomery*, No. 22-CV-00330-GPC-MMP, 2025 WL 2841993, at *3 (S.D. Cal., Oct. 7, 2025) ("An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a [petitioner] making that argument must present substantial evidence of incompetence."); *see also Bogarin v. Hatton*, No. 16CV2793-BTM (BLM), 2018 WL 5111914, at *3 (S.D. Cal. Oct. 18, 2018) ("To the extent that Petitioner is requesting the appointment of counsel due to a mental illness or disability, Petitioner has not submitted the required 'substantial evidence' of incompetence to warrant a competency hearing."). While the exact parameters of "substantial evidence" remain uncertain, the Ninth Circuit has made clear that "a history of serious mental illness is not enough by itself to constitute substantial evidence of incompetence." *Galvan*, 2025 WL 2841993, at *2–3. Plaintiff does not allege that the mental illness he suffers from prevents him from understanding and responding to court orders. Additionally, the Court's review of Plaintiff's filings in this matter does not support such a position. Accordingly, the Court finds there is no basis for a competency hearing and therefore no need to appoint counsel to participate in that hearing.

## II.  REQUEST FOR PRODUCTION OF DOCUMENTS

On October 27, 2025, Plaintiff filed a Motion for Production of Documents and Additional Arguments that was entered onto the docket on October 31, 2025. Dkt. No. 22.

On November 4, 2025, the Court issued an Order requiring Defendant to respond to Plaintiff's motion. Dkt. No. 23.

On November 14, 2025, Defendant filed a Response to Plaintiff's Motion for Production and Additional Arguments. Dkt. No. 24.

On November 24, 2025, the Court held a status conference. Dkt. No. 25. Plaintiff appeared on behalf of himself, and Nathan Marco Guerrero appeared on behalf of Defendant. *Id.* Following the conference, the Court granted leave for Plaintiff "to serve two requests for production: (1) documents sufficient to show the reasons why Dr. Santos took Mr. Harris off of morphine and (2) notes from Mr. Harris's prior physician indicating why morphine was prescribed." *Id.* The Court further stated that the requests would be deemed served on December 1, 2025 and set a further Status Conference on January 7, 2026. *Id.*

On November 26, 2025, the Court issued an Order Denying Plaintiff's Motion for Production of Documents and Additional Arguments and noted that Plaintiff failed to state that he served discovery on Defendant and sought an order from the Court compelling Defendant to respond to that discovery or that Defendant failed to produce any properly requested documents. Dkt. No. 26.

In the instant motion, Plaintiff states his Requests for Production as described in the Court's November 24, 2025 minute order. Dkt. No. 28 at 2-3. For the reasons discussed at the November 24 status conference, despite Plaintiff's failure to properly serve the requests pursuant to Federal Rule of Civil Procedure 34, the Court deems Plaintiff's requests served as of December 1, 2025. Defendant shall timely respond to Plaintiff's requests as provided in Rule 34.

**IT IS SO ORDERED.**

Dated: December 4, 2025

Hon. David D. Leshner
United States Magistrate Judge